# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BETTYE MICHELLE JACKSON,
*on behalf of* M.J.J.

Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security

Defendant.

Civil Action No. 16-cv-47 (BAH/DAR)
Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff Bettye Michelle Jackson, acting on behalf of her minor child, M.J.J., brought

this action against the Acting Commissioner of the Social Security Administration ("SSA"),[1]

challenging the denial of her claim for supplemental security income benefits on behalf of M.J.J.,

who was injured after being struck by a motorcycle. *See* Compl., ECF No. 1; *see also*

Administrative Record ("AR") at 14-29, ECF No. 11. An administrative law judge ("ALJ")

denied the application, finding that the plaintiff failed to demonstrate that M.J.J. has "marked

limitations" in at least two of six statutorily-defined functional domains, which would support a

finding of disability. AR 23-29. After exhausting administrative remedies, the plaintiff filed suit

in this Court, asserting that the ALJ's determination was "not based upon substantial evidence"

and "is the result of harmful errors of law." Compl. ¶ 6. After filing, the case was randomly

assigned to a magistrate judge for full case management. *See* Order Referring Case to Magistrate

Judge, ECF No. 4.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as defendant the current Acting
Commissioner of Social Security, Nancy A. Berryhill, for former Commissioner Carolyn W. Colvin.

1

Before the Magistrate Judge, the plaintiff filed a motion for judgment of reversal, Pl.'s Mot. J. Reversal ("Pl.'s Mot."), ECF No. 15, and the SSA filed a motion for judgment on the pleadings, Def.'s Mot. J. Pleadings ("Def.'s Mot."), ECF No. 16. The plaintiff alleges that the ALJ erred in two ways: first, that the ALJ erred in finding that M.J.J. does not have "marked limitations" in the following functional domains: "attending and completing tasks," and "interacting and relating with others"; and second, that the ALJ failed to properly evaluate non-medical opinion evidence in the Record. *See* Pl.'s Mem. Supp. Pl.'s Mot. at 8-17, ECF No. 15-2. On March 6, 2017, the Magistrate Judge issued a Report recommending that the plaintiff's motion be denied, and that the SSA's motion be granted, since "the ALJ's findings were supported by substantial evidence and were made in accordance with applicable law." *See* Report and Recommendation ("R&R") at 10, ECF No. 20.

The R&R cautioned the parties that failure to file a timely objection within 14 days of the parties' receipt of the R&R could result in their waiving the right to appeal an order of the District Court adopting the recommendations. *See id.* at 24. No objection to the R&R has been filed, and the time to file such an objection has lapsed. *See* Local Civil Rule 72.3(b). Thus, any objections are deemed waived. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 149–55 (1985).

The Court, upon independent consideration of the pending motions and the entire record herein, concurs with the recommendations made in the R&R. Accordingly it is hereby

**ORDERED** that the Report and Recommendation, ECF No. 20, is ADOPTED in full; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the Plaintiffs' Motion for Judgment of Reversal, ECF No. 15, is DENIED; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the

Defendant's Motion for Judgment on the Record, ECF No. 16, is GRANTED; and it is further

**ORDERED** that the Clerk of the Court close this case.

**SO ORDERED.**

_____
BERYL A. HOWELL
Chief Judge